UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

**FILED**
JAN 3 1 2008
At_____M
STEPHEN R. LUDWIG, Clerk
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

BRIDGET STEVENS

    Plaintiff,

vs.

HOUSING AUTHORITY OF SOUTH BEND;
MARVA J. LEONARD-DENT;
SUSIE HARVEY-TATE;
EARL L. HAIRSTON;
RAFAEL MORTON;
ROBERT B. TOOTHAKER;
GLADYS MUHAMMAD,)

    Defendants.

Case No. 3:08CV 051 RL

COMPLAINT WITH JURY DEMAND

PRELIMINARY STATEMENT

1. Plaintiff BRIDGET STEVENS (Ms. Stevens) is a female, African American citizen of the United States and a resident of St. Joseph County, Indiana. She asserts claims of discriminatory treatment as a result of conduct by the Defendants that interferes with her right to rent and occupy residential property. She seeks declaratory, injunctive, and compensatory relief as for injuries suffered as a result of actions by Defendants in violation of the Fair Housing Act, 42 U.S.C. sec. 3601, et seq.; of the Fourteenth Amendment of the United States, as embodied in 42 U.S.C. sec. 1983; of the provisions of 42 U.S.C. sec. 1981; and of specified provisions of Indiana state law as supplemental claims. She requests trial by jury on all issues so triable.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. sec 1331 in that the Complaint presents a federal question. This is a fair housing action arising under the Fair Housing Act of 1988, 42 U.S.C.A. §§ 3601 et seq. Jurisdiction is conferred on this court by 42 U.S.C.A. Section 3613. The Court has supplemental jurisdiction of the state law claims under 28 U.S.C. sec. 1367.

3. Venue of this action lies in the South Bend Division of this Court because the dispute arose in St. Joseph County.

## PARTIES

3. Ms. Stevens is a female African American citizen of the United States, residing at 1265 South Bend Avenue, South Bend, IN, with two sons, aged 17 and 8 years. Her elder son has severe asthma and is under the care of a physician. On information and belief the property is owned by Defendant South Bend Housing Authority.

4. Defendant HOUSING AUTHORITY OF SOUTH BEND (HASB) is a public housing authority receiving federal financial assistance fron the United States Department of Housing and Urban Development, as well as from other state and municipal government sources. Defendant maintains an office at 501Alonzo Watson Dr., South Bend IN 46601.

5. Defendant MARVA LEONARD-DENT is Executive Director of HASB and, as such, has responsibility for operation of SBHA in compliance with federal and state law.

6. Defendants SUSIE HARVEY-TATE, EARL L. HAIRSTON, RAFAEL MORTON, ROBERT TOOTHAKER, and GLADYS MUHAMMAD are Commissioners of HASB and, as such, have responsibility for oversight of Defendant SBHA and its management, all in compliance with federal and state law.

7. Each Defendant is a person acting under color of law as defined by 42 U.S.C. sec. 1983.

## FACTUAL ALLEGATIONS

8. HASB has sent notice to Ms. Stevens that, because of events taking place at her residence on December 25, 2007, her lease will be terminated.

9. The Notice states that HASB bases this action on what is described as "a ONE STRIKE YOU'RE OUT—"ZERO TOLERANCE" policy for any criminal activity" (original capitalization). We attach a copy of the Notice, and incorporate it, as Exhibit A to this Complaint.

10. Ms. Stevens did not engage in any criminal activity, nor did her sons. Neither she nor her sons are charged with any criminal law violation.

11. What occurred at the residence on December 25, 2007 was that outside parties, not residing there and not under the control of Ms. Stevens, did engage in apparent criminal activity for which a third party is now charged with murder.

12. Ms. Stevens's lease is being terminated, and she is threatened with eviction, because the actions of persons over whom she had no control are being ascribed to her and she is being held vicariously responsible.

## EQUITY AND DAMAGES

13. Ms. Stevens is a person with low income, receiving only TANF benefits with Food Stamps and Medicaid

14. Eviction would threaten her with irreparable harm in that she has no other comparable and appropriate housing available to her, is unable to afford private housing at market

rents, and would suffer both stigmatization and denial of admission to other public or subsidized housing if she was evicted under these circumstances.

15. Her sons would also suffer in that they would be similarly deprived of adequate housing and would suffer similar stigmatization.

16. As a direct and proximate result of the past and threatened actions of Defendants, Ms. Stevens and her sons have suffered injuries for which she deserves compensation. These injuries include loss of bargain, emotional distress, and discrimination on the basis of race, as well as injuries resulting from denial of federal and state guaranteed civil rights.

## INCORPORATION OF ALLEGATIONS

17. Ms. Stevens reasserts the foregoing allegations and incorporates them by reference as if fully set forth in each of the following claims.

## FIRST CAUSE OF ACTION—
## SEGREGATED LOCATION OF PUBLIC HOUSING

18. Defendants, and their predecessors of office, have located Ms. Stenens'ss property in a portion of the City of South Bend in which the population is primarily African American, or non-Caucasian. The location of the property segregates Ms. Stevens and her sons because of race.

19. While engaged in the acts and conduct herein complained of, Defendants acted intentionally, maliciously, and in wanton and reckless disregard of the rights and feelings of Ms. Stevens and her sons, causing them humiliation and emotional distress.

20. Defendants' acts herein complained of violated the Fair Housing Act, 42 U.S.C. sec. 3604 (b).

## SECOND CAUSE OF ACTION-

## RIGHT TO CONTRACT

21. Defendants have denied to Ms. Stenens and her sons, because of race, the right to make and enforce a contract in that they seek to terminate her lease. Defendants have a copy of the contract/lease in their possession.

22. Defendants' conduct unlawfully humiliated Ms. Stevensand her sons and interfered with their ability to exercise and enjoy rights granted and protected by 42 U.S.C. sec. 1981.

23. While engaged in the acts and conduct herein complained of, Defendants acted intentionally, maliciously, and in wanton and reckless disregard of the rights and feelings of Ms. Stevens and her sons causing them humiliation and emotional distress.

24. The conduct herein complained of violates 42 U.S.C. sec. 1981.

## THIRD CAUSE OF ACTION-

## THIRD PARTY BENEFICIARY

25. Defendants have breached a contract between Defendants and the United States Department of Housing and Urban Development of which Ms. Stevens and her sons are third party beneficiaries in taking the actions alleged and committing the causes of actions asserted herein. Defendants have a copy of the contract in their possession.

26. While engaged in the acts and conduct herein complained of, Defendants acted intentionally, maliciously, and in wanton and reckless disregard of the rights and feelings of Ms. Stevens and her sons, causing them humiliation and emotional distress.

27. The conduct herein constitutes breach of a contractual duty to a third party beneficiary.

## FOURTH CAUSE OF ACTION—

## FOURTEENTH AMENDMENT

28. Defendants took the alleged actions under color of state law in that they are recipients of federal financial assistance from the United States Department of Housing and Urban Development and other public funds.

29. While engaged in the acts and conduct herein complained of, Defendants acted intentionally, maliciously, and in wanton and reckless disregard of the rights and feelings of Ms. Stevens and her sons, causing them humiliation and emotional distress.

30. Defendants threatened to take action against Ms. Stevens and her sons under the Indiana ejectment statute, I.C. 32-30-3-1 et seq.

31. Defendants have thereby violated the rights of Ms. Stevens and her sons to equal protection of the laws and to due process, guaranteed by the Fourteenth Amendment to the Constitution of the United States, as embodied in 42 U.S.C. sec. 1983.

## FIFTH CAUSE OF ACTION—STATE LAW

32. As a supplemental claim under Indiana law, Defendants entered into a contract (the lease) with Ms. Stevens, failed to comply with its terms, and acted in bad faith in so doing. Defendants have a copy of the contract/lease in their possession

33. While engaged in the acts and conduct herein complained of, Defendants acted intentionally, maliciously, and in wanton and reckless disregard of the rights and feelings of Ms. Stevens and her sons, causing them humiliation and emotional distress.

34. Defendants have breached the contract.

## SIXTH CAUSE OF ACTION—STATE LAW

35. Defendants have so acted to deny Ms. Stevens and her sons due course of law and equal access to the Courts as guaranteed by Article I of the Constitution of Indiana.

36. While engaged in the acts and conduct herein complained of, Defendants acted intentionally, maliciously, and in wanton and reckless disregard of the rights and feelings of Ms. Stevens and her sons, causing them humiliation and emotional distress

## RELIEF

WHEREFORE, Plaintiff BRIDGET STEVENS requests this Court to grant the following relief:

(A) Recognize that Plaintiff has given notice of this action to the Attorney General of Indiana.

(B) Issue a Declaratory Judgment determining the rights and obligations of the parties, including a determination that the Indiana ejectment statute violates federal and state law.

(C) Issue appropriate Preliminary and Permanent Injunctive Orders to implement the Declaratory Judgment.

(D) Conduct a jury trial on any issue so triable.

(E) Award appropriate compensatory and exemplary damages on each cause of action upon which she prevails.

(F) Grant such additional legal and equitable relief as the Court deems just.

Respectfully submitted,

INDIANA LEGAL SERVICES, INC.
Attorney for Plaintiff

_____
Kent Hull
Attorney No.: 8580-71
105 E. Jefferson Blvd., Suite 600
South Bend, IN  46601
(574) 234-8121

I AFFIRM THE FOREGOING REPRESENTATIONS UNDER THE PENALTIES OF PERJURY THIS 31 DAY OF _____January_____, 200_

_____
AFFIANT



Corporate Office:
501 Alonzo Watson Dr.
South Bend, IN 46601
(574) 235-9346
(574) 235-9440 Fax
(574) 235-9590 T.D.D.

Executive Director:
Marva J. Leonard-Dent, Esq.

Commissioners:
Susie Harvey-Tate
Earl L. Hairston
Rafael Morton
Robert B. Toothaker
Gladys Muhammad

January 14, 2008

Ms. Bridgett Stevens
1265 South Bend Ave.
South Bend, IN  46617

## IMPORTANT 30 DAY NOTICE TO TERMINATE LEASE

Dear Ms. Stevens:

YOU ARE HEREBY NOTIFIED by the Housing Authority of South Bend that your lease is being terminated at the premises located at 1265 South Bend Ave. South Bend Indiana, effective Thursday, January 31, 2008 for the following reason (s):

Specifically: The Housing Authority of South Bend received a report from the South Bend Police Department that on Tuesday, December 25, 2007 there was an altercation / shooting at your residence. The police officers initially reported that Chester Higgins was dating the mother (your daughter) of the suspect's children and that the woman, her children and Mr. Higgins were opening Christmas presents at your apartment when the assailant arrived. The police officers reported that Mr. Higgins left your apartment and exchanged gunfire with the suspect. Mr. Higgins was shot several times and taken to the hospital by your guest / daughter.

The Housing Authority of South Bend has a ONE STRIKE YOU'RE OUT or "ZERO TOLERANCE" policy for any criminal activity. You are being cited for a serious violation, and your lease is being terminated.

Your Lease provides the following:

SECTION 8: --RESIDENT OBLIGATIONS


EQUAL HOUSING
OPPORTUNITY

"Building Solid Foundations Together"

SPECIFIED ABOVE CONSTITUTES A SERIOUS VIOLATION OF MATERIAL TERMS OF THE LEASE AND WILL BE GROUNDS FOR TERMINATION OF THE LEASE AND EVICTION FROM THE DWELLING UNIT. SUCH ACTIVITY CONSTITUTES GROUNDS FOR TERMINATION AND EVICTION NOTWITHSTANDING THE ABSENCE OF ARREST OR CONVICTION.

SECTION 14: GRIEVANCE PROCEDURE

This eviction is for criminal and or drug-related criminal activity. According to your lease, you are not entitled to a grievance hearing.

We will consider your Lease with us to be terminated within 30 days of the original notice dated December 31, 2007.

You need to remove your belongings from 1265 South Bend Ave. and turn your keys in at the office on Thursday, January 31, 2008 by 5:00 P.M.

If you have any questions in this matter, please call your Public Housing Specialist,
Tim Pruitt at (574) 235-7661

THE HOUSING AUTHORITY OF
SOUTH BEND, INDIANA

By: _____*Tim Pruitt*_____
AGENT OF THE HOUSING AUTHORITY OF SOUTH BEND

O. (i): To assure that the Resident, any member of the household, a guest, or another person under their control shall not engage in:

(a) Any criminal activity that threatens the health, safety, or right to peaceful enjoyment of HASB's public housing premises by other residents or employees of HASB; or

(b) Any drug-related criminal activity on or off such Premises. Any criminal activity in violation of the preceding sentence shall be cause for termination of this lease and eviction from the Dwelling Unit.

SECTION 13: TERMINATION OF LEASE

B. Termination by HASB. HASB may terminate the Lease for serious or repeated violation of material terms of the Lease, including but not limited to failure to pay rent and other charges when due, failure to abide by the Resident's obligations under this Lease, or other good cause.

C. Criminal Activity Grounds for Termination by HASB. HASB has a One Strike or "Zero Tolerance" policy with respect to violations of Lease terms regarding criminal activity. Either of the following types of criminal activity by the Resident, any member of the household, a guest, or another person under their control shall be cause for termination of this Lease and eviction from the Dwelling Unit even in the absence of an arrest or conviction.

(i) Any criminal activity that threatens the health, safety or right to peaceful enjoyment of HASB public housing premises by other Residents, or

(ii) Any drug-related criminal activity on or off such premises.

ANY CRIMINAL ACTIVITY OR DRUG-RELATED CRIMINAL ACTIVITY