```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                         SOUTH BEND DIVISION
```

BRIDGET STEVENS,              )
                              )
Plaintiff,                    )
                              )  CAUSE NO.  3:08-CV-51
    v.                        )
                              )
HOUSING AUTHORITY             )
 OF SOUTH BEND, et al.,       )
                              )
Defendants.                   )

## OPINION AND ORDER

This matter is before the Court on Defendants' Motion to Partially Dismiss Plaintiff's Complaint, filed by Defendants, the Housing Authority of the City of South Bend, Indiana ("HASB"), Marva Leonard-Dent, Susie Harvey-Tate, Earl L. Harriston, Rafael Morton, Robert B. Toothaker, and Gladys Muhammad (collectively "Defendants"), on May 20, 2008.  For the reasons set forth below, Defendants' partial motion to dismiss is **DENIED**.

BACKGROUND

Defendants move to dismiss Counts 4 and 6 of Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff, Bridget Stevens, and her two sons reside at 1265 South Bend Avenue, South Bend, Indiana, a property owned by Defendant, HASB.  (Compl. ¶ 3.)  HASB is a public housing authority receiving

federal financial assistance from the United States Department of Housing and Urban Development, and other state and municipal government sources.  (Compl. ¶ 4.)  Stevens entered into a lease with HASB on September 20, 2007.  (Dwelling Lease, Ex. A to Br. In Supp. Of Defs.' Mot. To Partially Dismiss Pl.'s Compl.)  Section 13 of the Lease provides, in pertinent part, that:

> C. Criminal Activity Grounds for Termination by HASB. HASB has a One Strike or "Zero Tolerance" policy with respect to violations of Lease terms regarding criminal activity.  Either of the following types of criminal activity by the Resident, **any member of the household, a guest, or another person under their control** shall be cause for termination of this Lease and eviction from the Dwelling Unit, even in the absence of an arrest or conviction:
>
> (i) **Any criminal activity that threatens the health, safety or right to peaceful enjoyment of HASB public housing premises by other Residents**; or
>
> (ii) Any drug-related criminal activity on or off such premises.
>
> ANY CRIMINAL ACTIVITY OR DRUG-RELATED CRIMINAL ACTIVITY SPECIFIED ABOVE CONSTITUTES A SERIOUS VIOLATION OF MATERIAL TERMS OF THE LEASE AND WILL BE GROUNDS FOR TERMINATION OF THE LEASE AND EVICTION FROM THE DWELLING UNIT.  SUCH ACTIVITY CONSTITUTES GROUNDS FOR TERMINATION AND EVICTION NOTWITHSTANDING THE ABSENCE OF AN ARREST OR CONVICTION.

(Dwelling Lease, Para. 13 (emphasis added)).

Stevens alleges that on December 25, 2007, "outside parties, not residing there and not under the control of Ms. Stevens, did engage in apparent criminal activity for which a third party is now charged with murder."  (Compl. ¶ 11.)  The HASB initiated the

eviction process by serving Stevens with a Notice to Terminate Lease on January 14, 2008 (Ex. A to Pl.'s Compl.).  The notice informed Stevens her lease was being terminated for violating the HASB's "Zero Tolerance" policy for any criminal activity.  (*Id.*)

Stevens claims that the threatened eviction under the "Zero Tolerance" policy violates the equal protection and due process protections of the Fourteenth Amendment, as embodied in 42 U.S.C. section 1983 (Count 4), and Article I of the Indiana Constitution (Count 6).  Defendants argue that Counts 4 and 6 of Stevens' complaint fail to state a cause of action because the Supreme Court of the United States has upheld the same zero-tolerance policy against a similar constitutional attack.

DISCUSSION

The purpose of a motion to dismiss is to test the legal sufficiency of the complaint, not to decide the merits.  *Triad Assocs., Inc. v. Chicago Hous. Auth.*, 892 F.2d 583, 586 (7th Cir. 1989).  In determining the propriety of dismissal under Federal Rule of Civil Procedure 12(b)(6), the court must accept all facts alleged in the complaint as true and draw all reasonable inferences in the light most favorable to the plaintiff.  *Johnson v. Rivera*, 272 F.3d 519, 520 (7th Cir. 2001).  A court may dismiss a complaint only if it appears beyond doubt the plaintiff can prove no set of facts that would entitle her to relief.  *Conley v. Gibson*, 355 U.S.

41, 45-46 (1957).  Further, a court must "construe pleadings liberally, and mere vagueness or lack of detail does not constitute sufficient grounds for a motion to dismiss." *Strauss v. City of Chicago*, 760 F.2d 765, 767 (7th Cir. 1985).  A complaint need not plead law or be tied to one legal theory.  *LaPorte County Republican Cent. Comm. v. Bd. of Comm'rs of the County of LaPorte*, 43 F.3d 1126, 1129 (7th Cir. 1994) (citing *Bartholet v. Reishauer A.G. (Zurich)*, 953 F.2d 1073, 1078 (7th Cir. 1992)).  A complaint may not be dismissed just because it omits factual allegations, but it may be dismissed when the plaintiff makes clear that she does not plan to prove an essential element of her case.  *Id.*

In this case, Defendants argue that Stevens' claims under the Fourteenth Amendment and the Indiana Constitution are barred by *Department of Housing & Urban Development v. Rucker*, 535 U.S. 125 (2002).  In that case, four senior citizens living in public housing were evicted because either residents of their households or guests used drugs.  Specifically, two grandsons (both listed as residents on the leases), a daughter, and a caregiver were the violators.  The senior citizens claimed they did now know about the criminal activity, therefore, as "innocent" tenants, they should not be evicted.  The lease provision at issue in *Rucker* tracked the language of the Anti-Drug Abuse Act of 1988, 42 U.S.C. § 1437d(l)(6), and, just like the lease provision in this case, provided that "any member of the household, a guest, or another

4

person under the tenant's control," shall not engage in any criminal activity or any drug-related criminal activity on or near the premises. *Id.* at 128. The Supreme Court found that the senior citizens should indeed be evicted, holding the statute:

> [U]nambigusoulsy requires lease terms that vest local public housing authorities with the discretion to evict tenants for the drug-related activity of household members and guests whether or not the tenant knew, or should have known, about the activity.

*Rucker*, 535 U.S. at 130. The Court reasoned that:

> Regardless of knowledge, a tenant who cannot control drug crime, or other criminal activities by a household member which threaten health or safety of other residents, is a threat to other residents and the project.

*Id.* at 134 (quotation omitted).

This case is obviously quite similar to the facts in *Rucker*. However, there is one major difference that this Court has recognized (and that unfortunately, neither party has picked up on or presented/argued to the Court). In *Rucker*, the violators at issue admittedly met the lease language of "any member of the household, a guest, or another person under the tenant's control." *Id.* at 128. The offenders were grandchildren, a child, and a caregiver. The central issue in *Rucker* was whether the senior citizens needed to have "knowledge" of these persons' criminal activity, not whether the individuals committing the offenses were a member of the household, guest, or a person under the tenant's control.

5

In sharp contrast, in this case, Stevens alleges in her complaint that "[w]hat occurred at the residence on December 25, 2007 was that outside parties, not residing there and not under the control of Ms. Stevens, did engage in apparent criminal activity for which a third party is now charged with murder." (Compl. ¶ 11.) In other words, Stevens has alleged that because she has no affiliation with the individuals engaging in the criminal activity, under the terms of the lease, she cannot be evicted. Taking the well-pleaded allegations in the complaint as true, as this Court must for the purpose of a motion to dismiss (*Ogden Martin Sys. Of Indianapolis, Inc. v. Whiting Corp.*, 179 F.3d 523, 526 (7th Cir. 1999)), the Court believes Stevens has sufficiently pled constitutional violations in Counts 4 and 6.

Stevens attached to her complaint the notice to terminate the lease, and this gives the Court some pause.[1] In the eviction letter, HASB states that:

> The Housing Authority of South Bend received a report from the South Bend Police Department that on Tuesday, December 25, 2007 there was an altercation/shooting at your residence. The police officers initially reported that Chester Higgins was dating the mother (your daughter) of the suspect's children and that the woman, her children and Mr. Higgins were opening Christmas presents at your apartment when the assailant arrived. The police officers reported that Mr. Higgins left your apartment and exchanged gunfire with the suspect.

---

[1] Because the notice of termination is attached as an exhibit to Stevens' complaint, the Court may consider it in ruling on the motion to dismiss.

6

> Mr. Higgins was shot several times and taken to the hospital by your guest/daughter.

(Compl. Ex. A.) "[A] plaintiff may plead himself out of court by attaching documents to the complaint that indicate that he or she is not entitled to judgment." *Ogden Martin*, 179 F.3d at 529 (quoting *In re Wade*, 969 F.2d 241, 249 (7th Cir. 1992)). However, at this early stage in the proceedings, the Court cannot judge whether this rather convoluted account by the HASB as to what the South Bend Police Department allegedly determined is true, much less whether it is admissible evidence that is appropriate for this Court to consider. But it certainly does raise the possibility that the offender(s) at issue in this case were guests of Stevens, or were under her control. This issue may very well be proper for summary judgment, depending upon the facts uncovered during discovery in this case.

<u>CONCLUSION</u>

For the reasons stated above, Defendants' Motion to Partially Dismiss Plaintiff's Complaint is **DENIED**.

**DATED: July 22, 2008**                    /s/ RUDY LOZANO, Judge
                                            **United States District Court**

7